IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TEVIN PARKER, : | |
| : | |
| Petitioner, : | |
| : | |
| : | **Criminal Case No.** |
| : | 7 : 21-CR-48-013 (WLS) |
| VS. : | |
| : | **28 U.S.C. § 2255 Case No.** |
| : | 7 : 24-CV-73 (WLS) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 was filed on July 24, 2024 (Doc. 718) and is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

On September 15, 2021, Petitioner was charged by means of an Indictment with conspiracy to possess with intent to distribute controlled substances, distribution of methamphetamine, distribution of controlled substances, possession of methamphetamine with intent to distribute, possession of heroin with intent to distribute, possession of controlled substances with intent to distribute, possession of firearms in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (Doc. 1). Represented by appointed

counsel Jason Moon, Petitioner pled guilty to one count of distribution of methamphetamine on July 26, 2022. (Docs. 355, 356). Petitioner was sentenced on November 3, 2022 to 262 months imprisonment followed by five (5) years of supervised release. (Docs. 476, 480).

Petitioner signed this Motion to Vacate on July 19, 2024. (Doc. 718).

## Evidentiary Hearing

Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483,1485 (11th Cir. 1989) (citation omitted). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007); *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). The record herein is sufficient to evidence that Petitioner's claims lack merit, and therefore no evidentiary hearing is necessary.

## Petitioner's Claims

Before the Court for consideration are the following grounds:

1. Ineffective assistance of counsel during sentencing in that counsel failed to challenge Petitioner's career offender enhancement.
2. Ineffective assistance of counsel in that counsel failed to object to the court's finding that Petitioner was a career offender. (Doc. 1 at 4-5).

**Legal Standards**

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing [] judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result

of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. . . . *It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . [rather][t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome*. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.

*Strickland*, 466 U.S. at 693-694, *emphasis added*.

In evaluating whether Petitioner has established a reasonable probability that the outcome would have been different absent counsel's alleged errors, a court "must consider the totality of the evidence before the judge or jury." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 695).

The two-prong *Strickland* test applies to guilty plea challenges, although "[i]n the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Woolsey v. United States*, 2011 WL 195412, *2 (M.D. Fla. Jan. 20, 2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). Thus, the prejudice requirement "focuses on whether counsel's

4

constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" *Reed v. Sec'y. Fla. Dep't. of Corr.*, 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting *Bobby v. Van Hook*, 558 U.S. 4, 9 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690). In order to find that counsel's performance was objectively unreasonable, the performance must be such that no competent counsel would have taken the action at issue. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010). "The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler v. U.S.,* 218 F.3d 1305, 1313 (11th Cir. 2000)(citations omitted).

***Failure to object to sentencing enhancement***

In his grounds for relief, Petitioner argues that counsel was ineffective in failing to object to him being sentenced as a career offender, based on two (2) prior state convictions for which Petitioner contends he did not serve more than 12 months imprisonment. Petitioner maintains that he should not have been sentenced as a career offender.

Pursuant to § 4B1.1 of the United States Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant

5

> offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G § 4B1.1(a).

The U.S. Probation Office determined that Petitioner was a career offender. (Doc. 473, ¶ 36). In Petitioner's Presentence Report, U.S. Probation identified and assigned Criminal History Points for the following prior drug distribution convictions:

- Atkinson County Superior Court   01/16/2014   Arrest Date
  05/08/2015   Sentence Date
  
  Docket No. 15-CR-65A
  
  Possession of Marijuana with Intent to Distribute; Possession of Cocaine

- Tift Superior Court   01/10/2019 Arrest Date
  06/06/2019 Sentence Date
  
  Docket No. 19-CR-59

In response to the Final Presentence Report and at sentencing, attorney Moon objected to Petitioner's classification as a career offender, raising the same argument Petitioner raises in this § 2255 Motion, to wit, that he did not serve any prison sentence on the two (2) predicate state convictions. (Docs. 473-1, 525). In response, the U.S. Probation Office provided the Court with the requirements for the career offender designation set forth in § 4B1.1 of the U.S. Sentencing Guidelines, which do not include any requirement that the two prior felony convictions must have resulted in actual prison time. *Id.* The Court found that Petitioner's career offender status was established based upon his qualifying age at the time of the instant controlled substance felony and the two prior controlled substances offenses. *Id.* at p. 6.

6

Petitioner's argument in both grounds of this § 2255 Motion is essentially that the First Step Act altered the career offender definition to include certain requirements of actual time served in prison on the predicate offenses, and that his attorney should have objected to his being sentenced as a career offender. However, "[P]etitioner's claim that he no longer qualifies as a career offender is a non-starter because the First Step Act did not affect the definition of 'controlled substance offense' in U.S.S.G. § 4B1.2(b) . . . the First Step Act's definition of a 'serious drug offense' was only an amendment to the Controlled Substances Act." *United States v. Jackson*, 2020 WL 7379088, n.1 (S.D. Ga. Dec. 15, 2020); *see also United States v. Collins*, 860 F. A'ppx 642, 649 (11th Cir. 2021) (First Step Act did not affect career offender status). As somewhat acknowledged by Petitioner, the First Step Act modified the mandatory minimum sentences for individuals with prior drug convictions, reducing the 20-year mandatory minimum to a 15-year mandatory minimum for offenders with one prior qualifying conviction, and reducing a life-in-prison mandatory minimum to a 25-year mandatory minimum for offenders with two or more prior qualifying convictions. (Doc. 178-1 at 2-3).

The record clearly shows that attorney Moon objected to Petitioner's designation as a career offender, both in response to the Final Presentence Report and at sentencing. (Doc. 525). Additionally, as there is no merit to Petitioner's claim that he was improperly sentenced as a career offender under the Sentencing Guidelines, there is no basis for his ineffective assistance claim against attorney Moon regarding his failure to object to Petitioner's career offender status. *See Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001) ("Because [movant's] argument . . . was meritless, counsel's objection would not have been meritorious, and, thus, counsel's performance did not constitute ineffective assistance under *Strickland*").

7

**Conclusion**

WHEREFORE, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED.** (Doc. 718).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Order addressing the grounds raised in this § 2255 Petition.  If the Petitioner files an objection to this

Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED,** this 6th day of May, 2025.

                                                 s/ *Alfreda L. Sheppard*
                                              UNITED STATES MAGISTRATE JUDGE